JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number: 7709
JOSHUA BRISTER
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:23-cr-00006-001 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | AMENDED PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| TRESHON EDWARDS ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is an Amended Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Jessica Favela, Senior U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 27th day of March, 2024.

JASON M. FRIERSON
United States Attorney

By   /S/
JOSHUA BRISTER
Assistant U. S. Attorney

12th PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. TRESHON EDWARDS                                      Docket No: 2:23-cr-0006-001

Amended Petition for Action on Conditions of Pretrial Release

COMES NOW Jessica Favela, Senior U.S. Pretrial Services Officer, presenting an official report upon the conduct of defendant Treshon Edwards. The defendant initially appeared on January 6, 2023, before Your Honor and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes).
3. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
4. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his ability to pay as determined by Pretrial Services or the supervising officer.
5. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
   Home Detention: The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.
6. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
   Global Positioning Satellite (GPS) monitoring.
7. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
8. The defendant shall pay all or part of the cost of the location monitoring program based upon his ability to pay as determined by Pretrial Services or the supervising officer.

On July 3, 2023, the defendant's conditions of release were amended to include a condition requiring the defendant to participate in an inpatient or outpatient substance use program as deemed necessary by Pretrial Services.

Respectfully presenting petition for action of Court and for cause as follows:

1. The defendant tested positive for marijuana on October 13, 2023.
2. The defendant tested positive for marijuana and cocaine on November 17, 2023.
3. The defendant tested positive for marijuana on December 5, 2023.
4. The defendant tested positive for marijuana on January 22, 2024.
5. The defendant tested positive for marijuana on February 15, 2024.
6. The defendant tested positive for marijuana on February 29, 2024.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

ORDER OF COURT

Considered and ordered this 27th day of March, 2024 and ordered filed and made a part of the records in the above case.

_____
Honorable Brenda Weksler
U.S. Magistrate Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 27th day of March, 2024.

Respectfully Submitted,

_____
Jessica Favela
Senior U.S. Pretrial Services Officer  JS
Place: Las Vegas, Nevada